[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11904

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 29, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:07-cv-01460-HTW

GEORGIA-PACIFIC LLC,
f.k.a. Georgia-Pacific Corporation,

                                                        Plaintiff-Appellant,

                        versus

UNITED STATES FIDELITY & GUARANTY COMPANY,

                                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 29, 2011)

Before EDMONDSON, MARTIN and COX, Circuit Judges.

PER CURIAM:

The Plaintiff, Georgia-Pacific, LLC ("Georgia-Pacific") appeals the entry of

summary judgment in favor of the Defendant, United States Fidelity & Guaranty

Company ("USF&G"). Georgia-Pacific filed this action seeking a declaratory

judgment requiring USF&G to undertake the defense of Georgia-Pacific in three Mississippi lawsuits under general commercial liability policies issued by USF&G. Georgia-Pacific's Complaint also seeks damages, alleging that USF&G wrongly failed to defend the lawsuits and wrongfully failed to reimburse Georgia-Pacific for costs of defense.

The district court granted USF&G summary judgment, holding that at this stage of the litigation USF&G was not obligated to defend Georgia-Pacific and not obligated to reimburse Georgia-Pacific for defense costs it had incurred. The court also held that there was no coverage under the policies for the claims alleged in the Mississippi lawsuits.

Georgia-Pacific presents two arguments on appeal. First, it argues that the district court did not properly construe provisions of the policy that address the insurer's duty to defend and duty to reimburse the insured for defense costs. Second, it argues that the district court erred in holding that there was no coverage under the policies for the claims alleged in the Mississippi lawsuits. We address each argument in turn.

The two unusual commercial liability policies at issue are materially identical for the purposes of the issues presented by this case. They contain a Self-Funded Retention Endorsement (the "Retention Endorsement") equivalent to a deductible of

$2.5 million per "incident," which modifies the Commercial General Liability Coverage Form. The district court viewed the Retention Endorsement as clear and unambiguous. (Dkt. 36 at 9.) We do too. And, Georgia law is clear: "Construction of an insurance policy is governed by the ordinary rules of contract construction, and when the terms of a written contract are clear and unambiguous, the court is to look to the contract alone to find the parties' intent." *BB&-McCarthy, LLC v. Baldwin Paving Co.*, 646 S.E.2d 682, 685 (Ga. Ct. App. 2007) (quotation and citation omitted.) The Retention Endorsement acknowledges USF&G's right and duty to defend covered claims, but delegates that duty to Georgia-Pacific. And, as the district court properly concluded, under the Retention Endorsement USF&G has no obligation to indemnify Georgia-Pacific for any litigation expenses until such time as Georgia-Pacific's obligation to pay damages exceeds the $2.5 million self-funded retention. (No obligation to pay damages had been determined while this case was pending in the district court.) These conclusions are dispositive. The district court's well-reasoned opinion supports these conclusions. (Dkt. 36.)

Georgia-Pacific contends that the district court violated basic rules of contract construction and failed to follow the basic principles of Georgia law on the construction of insurance contracts. These arguments are meritless. The Retention Endorsement in these policies is atypical. No similar provisions are found in the

3

Georgia decisions that Georgia-Pacific cites. Georgia-Pacific argues that the district court's interpretation of the Retention Endorsement is "illogical and unjust." (Appellant Br. at 22.) We view the district court's interpretation as neither illogical nor unjust. There are reasons why a company like Georgia-Pacific would seek coverage of this kind. Two reasons are readily apparent. First, the duty to defend was delegated to Georgia-Pacific, giving it the right to direct the defense of the Mississippi lawsuits, including the right to select defense attorneys. Second, the $2.5 million self-funded retention surely resulted in a premium substantially less than the premium that would have been payable without the self-funded retention. But, whether logical or illogical, just or unjust, this is the contract the parties made.

We turn now to Georgia-Pacific's second argument: that the district court erred in holding that there was no coverage under the policies for the claims alleged in the Mississippi lawsuits.

Georgia-Pacific did not assert in its Complaint, or at any time during the pendancy of this case, that it had become obligated to pay damages in any of the three Mississippi lawsuits. The district court nevertheless proceeded "in order to complete the record" (Dkt. 36 at 16) to a determination as to whether the Mississippi lawsuits alleged claims covered by the policies, concluding that none of them did. We need not make this determination at this time. While there is no jurisdictional bar to

4

deciding this issue, prudential considerations suggest it is premature to decide this question at this time. We have already concluded that USF&G has no obligation to indemnify Georgia-Pacific for defense costs. Furthermore, no obligation to pay damages has been fixed; we do not know what claims, if any, will be successful; and a loss in excess of $2.5 million is purely speculative. We therefore amend the order of the district court to eliminate that part of the district court's order that appears under the heading "Underlying Complaints do not Implicate any Coverage under the Policies." (Dkt. 36 at 16-18.) The district court's judgment, as amended, is affirmed.

JUDGMENT AS AMENDED AFFIRMED.[1]

---

[1]We concluded that the Complaint in this diversity case included an insufficient allegation of Georgia-Pacific's citizenship, and we invited the filing of a motion for leave to amend to correct the deficient allegations. Georgia-Pacific has now filed an unopposed motion for leave to amend which sufficiently alleges diversity jurisdiction. The motion in GRANTED.